UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JAMES MCDONALD III,

        Plaintiff,

v.

UNKNOWN LASSLETT et al.,

        Defendants.
_____/

Case No. 2:18-cv-117

Honorable Robert J. Jonker

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Cooper Street Correctional Facility (JCS) in Jackson, Michigan. The events about which he complains, however, occurred at the Newberry Correctional Facility (NCF) in Newberry,

Michigan. Plaintiff sues Unknown Laslett, the food service director at NCF, NCF Sergeant "John Doe," and Trinity Food Service.

Plaintiff alleges that "on various occasions, [he] has noticed hair, maggots and other unsavory items in his food and others." (Compl., ECF No. 1, PageID.2.) But his complaint and attached grievances focus on a single event. Specifically, on April 24, 2017, he found a ladybug "along with other stringy things" in his spinach. (*Id*.) Plaintiff brought the matter to the attention of Defendant Sergeant "John Doe." Plaintiff turned in his tray and received another. Nonetheless, he "became gravely ill for several days with continued vomiting, weakness, along with severe psychological set backs and other emotional agitations." (*Id*.)

Plaintiff claims that Sergeant "Doe" promised to take pictures of the bug in the spinach but did not do so, thereby violating Plaintiff's right to due process. Plaintiff also claims that all Defendants knew of "ongoing nastiness"—meals containing maggots, human hairs, and foreign particles—but took no action to rectify such problems, thereby violating Plaintiff's Eighth Amendment rights. (*Id*., PageID.3.) Once again, though, the only specific complaint he makes is about the ladybug in his spinach on April 24. Plaintiff asks the Court to enjoin Defendants from serving spoiled, worm-filled, maggot and bug-infested foods and to compel Defendant "Doe" to speak and honor his word. In addition, Plaintiff seeks over one-half million dollars in compensatory and punitive damages.

II.  Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include

more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

III. Eighth Amendment

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). "[T]he Eighth Amendment imposes a duty on officials to provide 'humane conditions of confinement,' including insuring, among other things, that prisoners receive adequate . . . food." *Young ex rel. Estate of Young v. Martin*, 51 F. App'x 509, 513 (6th Cir. 2002) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).

Additionally, for a prisoner to prevail on an Eighth Amendment claim, he must show that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer*, 511 U.S. at 834 (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind . . . ." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S.

at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

The Constitution "does not mandate comfortable prisons[.]" *Rhodes*, 452 U.S. at 349. "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. Thus, the deprivation of a few meals for a limited time generally does not rise to the level of an Eighth Amendment violation. *See Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (per curiam) (providing a prisoner only one meal per day for fifteen days did not violate the Eighth Amendment, because the meals provided contained sufficient nutrition to sustain normal health); *Davis v. Miron*, 502 F. App'x 569, 570 (6th Cir. 2012) (denial of seven meals over six days is not an Eighth Amendment violation); *Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011) (same); *see also Berry v. Brady*, 192 F.3d 504, 507-08 (5th Cir. 1999) (denial of a few meals over several months does not state a claim); *Staten v. Terhune*, No. 01–17355, 2003 WL 21436162, at *1 (9th Cir. June 16, 2003) (deprivation of two meals is not sufficiently serious to form the basis of an Eighth Amendment claim); *Cagle v. Perry*, No. 9:04–CV–1151, 2007 WL 3124806, at *14 (N.D.N.Y. Oct. 24, 2007) (deprivation of two meals is "not sufficiently numerous, prolonged or severe" to give rise to an Eighth Amendment claim).

Similarly, isolated instances of bugs or hair in a meal do not give rise to an Eighth Amendment claim. *Balcar v. Smith*, No. 17-5159, 2017 WL 3613479, at *2 (6th Cir. July 17, 2017) ("Isolated exposure to foreign bodies in food, including those of rodents and insects, does not constitute an Eighth Amendment violation."); *Hamm v. Dekalb County*, 774 F.2d 1567, 1572

(11th Cir. 1985) ("The fact that the food occasionally contains foreign objects . . . does not amount to a constitutional deprivation."); *Russell v. City of Philadelphia*, No. 08-cv-5442, 2010 WL 2011593 (E.D. Penn. May 19, 2010) ("Regrettably, even the cleanest of kitchens may attract bugs, and when cooking for large groups of people it is possible that bugs may enter the food undetected."); *Lunsford v. Reynolds*, 376 F. Supp. 526, 527 (W.D. Va. 1974) ("The only contention concerning food which is detailed at all, is the inmates' complaint that their food frequently contains insects. Nevertheless, occasional incidents of a foreign object contained in food, while regrettable, does not present a question of constitutional proportion.").

Moreover, Plaintiff does not allege that these Defendants played any knowing role in the provision of the "bug infested" spinach in this instance. At best, Plaintiff complains that these Defendants either failed to stop others from feeding Plaintiff spinach with a ladybug in it or failed to correct problems in the kitchen after previous foreign objects were found in food. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).

Additionally, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance or complaint. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead

that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that these Defendants engaged in any active unconstitutional behavior with respect to the ladybug in the spinach. Accordingly, he fails to state a claim against them.

At bottom, Plaintiff complains about a single instance of finding a ladybug in his spinach. He alerted the people working in the cafeteria and they replaced the tray. His ensuing illness, even assuming the ladybug caused it, does not transform the single event into a plausible Eighth Amendment claim. At best, Plaintiff may be able to state a state law claim for negligence.

IV. Fourteenth Amendment

Plaintiff makes passing reference to a Fourteenth Amendment claim based on Defendant "Doe's" failure to take a picture of the ladybug in the spinach. Apparently, Plaintiff intended to use that photograph in pursuing a grievance regarding the matter. Plaintiff's claim to a due process violation based on interference with his prison grievance necessarily fails.

The elements of a procedural due process claim are: (1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)).

Plaintiff has no due process right to file a prison grievance. The courts repeatedly have held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430

(6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendant "Doe's" conduct, even if it hampered Plaintiff's pursuit of his grievance, did not deprive him of due process.

Moreover, it is obvious from Plaintiff's own grievance forms that the absence of a picture did not hurt his case. The correctional employees acknowledged there was a ladybug in his spinach. That is why they readily replaced his tray. The grievance was denied for other reasons.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:   August 15, 2018            /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    CHIEF UNITED STATES DISTRICT JUDGE